IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cr-00020 HEA RHH |
| | ) | |
| KENNETTA DARBY, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR PRETRIAL DETENTION AND HEARING**

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Cort A. VanOstran, Assistant United States Attorney for said District, and moves the Court to order Defendant Kennetta Darby detained pending trial, and further requests that a detention hearing be held three (3) days from the date of the defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, Section 3141, *et seq.*

As and for its grounds, the Government states as follows:

1.      Defendant Kennetta Darby is charged with conspiracy to commit bank fraud and aggravated identity theft, in violation of Title 18, United States Code, Sections 1349 and 1028A. Pursuant to Title 18, United States Code, Section 3142(f)(2), the United States moves this Court to hold a detention hearing in this matter because this case involves a serious risk that Defendant will flee or obstruct, or attempt to obstruct, justice; the defendant is a threat to the community; and, no conditions can reasonably assure the defendant's appearance or the safety of the community.

2.      The Bail Reform Act, codified at Title 18, United States Code, Section 3142, sets forth what courts have described as a "two step inquiry" to decide whether a defendant should be detained pending trial.  *See United States v. Shakur*, 817 F.2d 189, 194 (2d Cir. 1987).  First, before conducting a detention hearing, the Court must be satisfied that the case is eligible under one of the categories in Section 3142(f).  *See United States v. Ploof*, 851 F.2d 7, 11 (1st Cir. 1988) ("[T]he structure of the statute and its legislative history make it clear that Congress did not intend to authorize preventative detention unless the judicial officer first finds that one of the § 3142(f) conditions for holding a detention hearing exists.").  Second, if the case is eligible, the Court then "shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community."  18 U.S.C. § 3142(f).  In making this determination, the Court considers the factors set forth in Title 18, United States Code Section 3142(g), including "the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger posed by the defendant's release."

3.      As to the first step in the inquiry, the Bail Reform Act sets forth categories of eligible cases for which the Court must hold a detention hearing.  Under Section 3142(f)(1), the Court shall hold a detention hearing "upon motion of the attorney for the Government" in a case that involves certain types of offenses, *e.g.*, a crime of violence.  The offenses charged in the present matter do not fall within 3142(f)(1).  Section 3142(f)(2), which applies in the present case, requires a detention hearing "upon motion of the attorney for the Government or upon the judicial officer's own motion in a case that involves (A) a serious risk that such person will flee; or (B) a

2

serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror."

4.        Beginning no later than in or around 2020, and continuing through at least July of 2022, the Defendant engaged in a conspiracy to defraud financial institutions by writing counterfeit checks bearing the names and account numbers of unknowing victims at retailers throughout the St. Louis area. Defendant's conspiracy has resulted in dozens or even hundreds of fraudulent checks written to area retailers.  She has attempted fraud totaling in the hundreds of thousands of dollars.

5.        The Defendant can be seen on camera writing multiple fraudulent checks.  The Defendant also admitted to her conduct in a police interview in November 2021.

6.        At the time of Defendant's arrest in November 2021, she possessed multiple fraudulent identification documents, and fifteen counterfeit or stolen checks showing various routing and account numbers.

7.        Defendant has been investigated by numerous local police agencies for her recent criminal activity including fraud and identity theft, and she has been arrested and charged in multiple jurisdictions for forgery-related offenses in the last several years.

8.        Despite being arrested and charged, Defendant has continued to engage in fraudulent and criminal conduct.

9.        Defendant has an extensive criminal history, including frequent and recurrent charges for theft and stealing dating back to 1978; a multitude of charges for forgery and identity theft; multiple charges for failure to appear; and multiple charges for probation or parole violations. Defendant was convicted of, *inter alia*, stealing and assault in 1998; forgery in 2006; and leaving the scene of an accident in 2019.  Defendant is presently facing charges in multiple jurisdictions,

3

and warrants are outstanding for failure to appear in the 21st Judicial Circuit of Missouri (St. Louis County) and the 11th Judicial Circuit of Missouri (St. Charles County).

10.     Because the United States has made the necessary showing that the defendant poses a serious risk of flight, this Court should hold a detention hearing.  At that hearing, the Court considers the factors set forth in Title 18, United States Code Section 3142(g).

11.     Pursuant to Title 18, United States Code, Section 3142(g):

(a) the weight of the evidence against the defendant;

(b) the defendant's history and characteristics; and

(c) the nature and seriousness of the danger to any person or the community that would

be posed by the defendant's release

all warrant the defendant's detention pending trial.

WHEREFORE, there are no conditions or combination of conditions that will reasonably assure the defendant's appearance as required and the safety of any other person and the community, and the United States requests this Court to order the defendant detained prior to trial, and further to order a detention hearing three (3) days from the date of the defendant's initial appearance.

Respectfully submitted,

SAYLER A. FLEMING
UNITED STATES ATTORNEY

*/s/ Cort A. VanOstran*
CORT A. VANOSTRAN, #67276MO
ASSISTANT UNITED STATES ATTORNEY
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200